# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

CHARLES ALEXANDER AVERY,

Plaintiff,

v. Case No. 26-CV-12

WAUSHARA COUNTY, WAUSHARA COUNTY JAIL, JAIL ADMINISTRATOR, LT. BRADLEY MCCOY, PREA COORDINATOR, JANE/JOHN DOES, SGT PESCHKE, CPL AALBREGTSE, WAUSHARA COUNTY CORPORATIOIN, and CPL BECKMAN,

Defendants.

---

## REPORT AND RECOMMENDATION

---

Plaintiff Charles Alexandar Avery, an inmate confined at the Wisconsin Secure Program Facility, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. Avery's original complaint was signed by his legal power of attorney; however, Avery later filed a signed amended complaint. (ECF No. 10.) On April 21, 2026, the court screened Avery's amended complaint, found that it failed to state a claim, and provided him the opportunity to file an amended complaint. (ECF No 15.) On May 11, 2026, Avery filed a second amended complaint. (ECF No. 16.) This order screens Avery's second amended complaint.

Because the defendants have not consented to magistrate judge jurisdiction, this Court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n,* 860 F.3d 461, 475 (7th Cir. 2017). Therefore, the Clerk of Court shall randomly assign this matter to a district judge for consideration of the recommendation outlined below.

**SCREENING THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Avery's Allegations*

Avery alleges that on December 27, 2025, he submitted a request asking to shower in a location that was not recorded. (ECF No. 16 at 2.) Captain Aalbregtse responded that the jail was not compliant with the Prison Rape Elimination Act ("PREA") and that it was not feasible to move Avery every time he wanted to shower. (*Id.*) Avery objects to being videotaped while exposing his naked body. (*Id.*) PREA regulations require that a facility implement policies and procedures that enable inmates to shower, perform bodily functions, and change clothing without non-medical staff of the opposite gender viewing inmates' bodies, except in exceptional circumstances. (*Id.*) Avery takes issue with the fact that staff of the opposite gender are able to view every camera view in the jail when they are posted in the master

control. (*Id.*at 3.) As a result, Avery is forced to expose private areas of his body to staff of the opposite gender when showering. (*Id.*)

Avery asked Captain Beckman to print off his request forms, grievances, and PREA complaint. (*Id.*) Beckman told Avery to file an open records request. (*Id.*) Avery had not received his records as of April 29, 2026. Avery has filed several grievances about the PREA violation and has exhausted all administrative remedies. (*Id.*) Avery filed requests to speak to a victim support advocate, but he was denied access. (*Id.* at 4.) Beckman told Avery that the PREA complaint was not a legitimate complaint. (*Id.*)

*Analysis*

The complaint challenges the jail's policy of allowing staff of the opposite sex to view naked inmates on video while they use the shower. Correctional officers "may, to maintain prison safety, watch the bathroom activity of opposite-sex prisoners without violating" their rights. *Courtney v. Devore*, 595 F. App'x 618, 620 (7th Cir. 2014) (citing *Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995), *overruled on different grounds by Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020)). Courts also must afford "substantial deference" to the professional judgment of correctional staff who create and enforce institutional policies because they are in the best position to determine what security measures are necessary. *Bilka v. Farrey*, 447 F. App'x 742, 744 (7th Cir. 2011) (citing *Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S.C t. 2162, 156 L.Ed.2d 162 (2003)).

But both pretrial detainees and convicted prisoners retain a limited privacy interest "in their bodies," which interest is protected under the Fourth Amendment. *Henry*, 969 F.3d at 779 (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984)); *see Bell v. Wolfish*, 441 U.S. 520, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979). Therefore, correctional staff may violate detainees' or prisoners' rights if they enforce or abuse policies in ways intended "to humiliate the prisoners or detainees." *Courtney*, 595 F. App'x at 620.

Here, Avery makes no allegations that any staff member enforced or abused a policy in a way intended to humiliate him. Instead, Avery's allegations suggest that the policy was in place for security purposes to maintain order and prisoner safety. Thus, the court finds that Avery fails to state a constitutional claim for staff members incidentally viewing inmates on camera when using the shower.

Next, the court also finds that Avery fails to state a claim for violating the PREA. "Courts considering the issue have agreed that PREA does not support a private cause of action." *Jordan v. Lashbrook*, No. 19-CV-00305-NJR, 2019 WL 1282327, at *2, *4, (S.D. Ill. Mar. 20, 2019) (dismissing a plaintiff's PREA claim where the plaintiff pleaded that "[the] [d]efendants . . . fail[ed] to timely and adequate investigate [the] [p]laintiff's claims of sexual assault"). As such, the court finds that the second amended complaint does not state a claim upon which relief may be granted.

Avery was previously granted leave to amend the complaint, and the court finds that further amendment would be futile. The court will therefore recommend

that the case be dismissed for the failure to state a claim. The court will also recommend that the Clerk of Court document that Avery has incurred a "strike" under 28 U.S.C. § 1915(g).

## CONCLUSION

**IT IS ORDERED** that this case be assigned to a district judge for consideration of this recommendation.

**IT IS RECOMMENDED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal

Dated in Milwaukee, Wisconsin this 15th day of July, 2026.

**BY THE COURT:**

Stephen C. Dries

STEPHEN C. DRIES
United States Magistrate Judge