UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES ALEXANDER AVERY,

        Plaintiff,

                                        Case No. 26-cv-0012-bhl

     v.

WAUSHARA COUNTY et al.,

        Defendants.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

---

        Plaintiff Charles Avery, who is incarcerated at the Wisconsin Secure Program Facility, is representing himself in this 42 U.S.C. §1983 case. On May 11, 2026, Avery filed an amended complaint alleging that his rights were violated while he was incarcerated at the Waushara County Jail because the showers were surveilled by video cameras that female officers could monitor. On July 15, 2026, Magistrate Judge Stephen Dries screened the amended complaint and concluded that Avery failed to state a claim on which relief could be granted because correctional officers "may, to maintain prison safety, watch the bathroom activity of opposite-sex prisoners without violating" their rights. Dkt. No. 17 at 4 (quoting *Courtney v. Devore*, 595 F. App'x 618, 620 (7th Cir. 2014)). Judge Dries also concluded that Avery did not state a claim based on allegations that his rights under the Prison Rape Elimination Act (PREA) were violated because "[c]ourts considering the issue have agreed that PREA does not support a private cause of action." Dkt. No. 17 at 5 (quoting *Jordan v. Lashbrook*, No. 19-CV-00305-NJR, 2019 WL 1282327, at *2, *4, (S.D. Ill. Mar. 20, 2019)). Judge Dries accordingly recommended that the case be dismissed.

        Pursuant to General L. R. 72(c), 28 U.S.C. §636(b)(1)(B) and (C), and Fed. R. Civ. P. 6(d) and 72(b)(2), Avery had fourteen days to file and serve written objections to Judge Dries's Report and Recommendation. On July 27, 2026, Avery filed objections noting that under 28 C.F.R. 115.6(8) sexual abuse, which includes "voyeurism by a staff member," is prohibited. Avery's objection is without merit. Avery ignores that 28 C.F.R. 115.6 defines voyeurism as "an invasion of privacy of an inmate . . . for *reasons unrelated to official duties*." As Judge Dries noted,

"Avery's allegations suggest that the policy was in place for security purposes to maintain order and prisoner safety." Dkt. No. 17 at 5. In other words, the only reasonable inference is that, to the extent female guards monitor surveillance video of the showers, they do so as part of their official duties and to maintain order and prisoner safety. Their actions do not, therefore, run afoul of the Constitution. The Court will adopt the Report and Recommendation of Judge Dries because the record and relevant law support his recommendation to dismiss this case.

**IT IS THEREFORE ORDERED** that Magistrate Judge Dries's Report and Recommendation (Dkt. No. 17) is **ADOPTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

Dated at Milwaukee, Wisconsin on July 28, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed in forma pauperis on appeal, he must file a motion for leave to proceed in forma pauperis with this Court. See Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. See 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. See Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.